**Wytheville.**

CITY OF NEWPORT NEWS v. WOODWARD.

June 15, 1905.

1. CONSTITUTIONAL LAW—*Virginia Constitution (1902), Sec. 120, not Self-Executing—Suspension of Policeman.*—Section 120 of the Constitution (1902) conferring upon mayors of cities the power to suspend officers and members of the police and fire departments and to remove such officers, and also such members of said departments when authorized by the General Assembly is not self-executing, but required legislative action to render it operative.

2. CONSTITUTIONAL LAW—*Self-Executing Provisions.*—Whether or not a constitutional provision is self-executing is a question of intention in every case. If the nature and extent of the right conferred is fixed by the Constitution itself so that the same can be determined by the examination and construction of its own terms, and there is no language used indicating that the subject is referred to the Legislature for action, the provision should be construed to be self-executing.

3. CONSTITUTIONAL PROVISIONS—*Construction—Former Constitutions.*—If a constitutional provision succeeds another on the same subject, and the former plainly required legislative action to become effective, while the latter is ambiguous on that subject, the courts will hold that the latter requires legislative action also.

Error to a judgment of the Corporation Court of the city of Newport News in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. A. Massie,* for the plaintiff in error.

*Ashby & Read,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

On August 26, 1902, J. W. Woodward, defendant in error here, a police officer of the city of Newport News, was, upon charges preferred and after a hearing had, suspended from office for a period of thirty days; at the end of which term of suspension he was again assigned to duty and served for a few days, when he was again suspended upon other charges preferred, after a hearing, for another period of thirty days, which was afterwards reduced to fifteen days. On the 14th day of November, 1903, Woodward instituted this suit in the Corporation Court of the city of Newport News against the city, to recover ninety dollars, the amount of salary that he claimed was due him during the term of his suspension; and on April 18, 1904, a jury having been waived and all questions of law and fact submitted to the court, judgment was rendered against the city for the sum of $60. It was the opinion of the court below that the Police Board of the city of Newport News did not have power to suspend policemen at the time the defendant in error was suspended, by reason of sections 117 and 120 of the present Constitution, which took effect July 10, 1902, which was prior to the date of this suspension.

These sections of the new Constitution, as far as they are pertinent to the issue in this case, are as follows:

Sec. 117. " . . . Cities and towns of the State having at the time of the adoption of this Constitution a municipal charter may retain the same, except in so far as it shall be repealed or amended by the General Assembly; provided, that every such charter is hereby amended so as to conform to all the provisions, restrictions, limitations, and powers set forth in this article, or otherwise provided in this Constitution."

Sec. 120. " . . . The mayor shall see that the duties of the various city officers, members of the police and fire departments, whether elected or appointed in or for such city, are faithfully performed. He shall have power to investigate their acts, have access to all books and documents in their offices, and may examine them and their subordinates on oath. The evidence given by persons so examined shall not be used against them in any criminal proceeding. He shall also have power to suspend such officers and the members of the police and fire departments, and to remove such officers, and also such members of said departments when authorized by the General Assembly, for misconduct in office or neglect in duty, to be specified in the order of suspension or removal; but no such removal shall be made without reasonable notice to the officer complained of, and an opportunity afforded him to be heard in person, or by counsel, and to present testimony in his defense. From such order of suspension or removal, the city officer so suspended or removed shall have an appeal of right to the Corporation Court," etc.

Unless superseded by the provisions of the new Constitution above cited, the Police Board of the city of Newport News, by virtue of the charter of the city, section 62 (*Acts* 1895-'6, p. 86), had, at the time of the suspension of defendant in error, absolute control and authority over the police force of the city. See also *Johnson* v. *Barham, J.*, 99 Va. 305, 38 S. E. 136.

The sole question to be considered, therefore, is whether or not section 120 is self-executing, or required legislative action to render it operative. If self-executing, section 117 operated to repeal so much of the charter of the city of Newport News as is repugnant thereto.

The Legislature of Virginia enacted the following provision in relation to cities and towns (*Acts* 1902-'3-'4, p. 422):

Sec. 1033. *Mayors of cities; how chosen; their duties; appeals from their decisions; how removed for malfeasance, etc.*—In every city there shall be elected by the qualified voters thereof a mayor. . . . The mayor shall see that the duties of the various officers, members of the police and

fire departments, whether elected or appointed, in and for such city, are faithfully performed. He shall have power to investigate their acts, have access to all books and documents in their offices, and may examine them and their subordinates on oath. The evidence given by the person so examined shall not be used against him in any criminal proceeding. He shall also have power to suspend such officers and the members of the police and fire departments, and to remove such officers for misconduct in office or neglect of duly, to be specified in the order of removal; but no such removal shall be made without reasonable notice to the officer complained of, and an opportunity afforded him to be heard in person or by counsel, and to present testimony in his defense. From such order of suspension or removal, the city officer so suspended or removed, or the member of the police and fire department so suspended, unless the charter of the city provides for an appeal to the board of police commissioners, or to the board of fire commissioners, shall have an appeal of right to the corporation court," etc.

It was unquestionably the purpose of the Convention in enacting section 120 of the Constitution to take from the police board of the several cities of the Commonwealth, or wherever the power and control was theretofore conferred, the control and supervision over the police force of the several cities and confer it upon the mayor; but was it intended to confer this power and control upon the mayor without reserving to the Legislature supervisory authority over the exercise of the power? It was, as is conceded, plainly not so intended as to the power of removal.

It is well recognized in treatises on constitutional limitations and the decided cases that if the nature and extent of the right conferred by a constitutional provision is fixed by the provision itself, so that the same can be determined by the examination and construction of its own terms, and there is no language used indicating that the subject is referred to the Legislature for action, then the provision should be construed as self-executing. The question is one of intention in every case, and if it is apparent that no subsequent legislation is necessary to carry such provision into effect, then such provision is self-executing.

Says Cooley in his work on Constitutional Limitations, p. 121 : "A constitutional provision may be said to be self-

executing if it supplies a sufficient rule by means of which the right given may be employed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law."

In *Ill. Cent. R. R. Co.* v. *Ihlenberg,* 75 Fed. 73, 34 L. R. A. 393, it was held, that whether or not a constitutional provision is self-executing is a question always of intention, to be determined by the language used and the surrounding circumstances.

The former Constitution, sec. 20, art. VI., provided that "he (the mayor) shall have power to suspend or remove such officers," etc., and in *Burch* v. *Hardwick,* 30 Gratt. 24, 32 Am. Rep. 640, it was held that policemen were State officers, that as such they were not contemplated in the words "such officers," but that this meant city officers, and as to the latter the mayor, by the Constitution, had exclusive power of removal. It was further held that the provisions of the charter of the city of Lynchburg, taking from the mayor the power to remove the chief of police, and vesting it in the Police Board, was null and void. Sec. 24, Art. VI., of the former Constitution appeared along with the other provisions provided for the government of cities and towns, and contained the provision that "the General Assembly, at its first session after the adoption of this Constitution, shall pass such laws as may be necessary to give effect to the provisions of this article."

It may be true, as counsel for defendant in error say, that the provisions of the new Constitution enlarging the powers of the mayors of the several cities and towns with reference to suspension and removal of members of the police force and fire department were intended to overcome the decision in *Burch* v. *Hardwick, supra;* but the question remains whether or not sec. 120, *supra,* was intended to operate *proprio vigore* as to the power of the suspension of the members of the police force and fire department and refer only the subject of the removal of such officers by the mayor to the Legislature for action? : :

Discussing the light which the purpose to be accomplished may afford in the construction of a constitutional provision, in *Cooley's Con. Lim.* (6 Ed.), p. 80, the learned author says: "The prior state of the law will sometimes furnish the clue to the real meaning of the ambiguous provision, and it is especially important to look into it if the Constitution is the successor to another, and in the particular essential changes have apparently been made."

Here we have a constitutional provision which succeeds another, dealing with the same subject, and the former plainly referred the whole subject to the Legislature for action, while the latter is ambiguous in that respect. Under these circumstances we do not think it is a reasonable construction of the language employed that it was intended by the framers of the provision to refer to the Legislature for action the power intended to be conferred upon the mayor of a city or town to remove a member of the police force or fire department, while the suspension of these officers is left entirely in his power without legislative authority or control over his action.

We have no decision by this court helpful in determining the question under consideration. *Arey* v. *Lindsay,* 103 Va. 250, 48 S. E. 889; *Oppenheimer* v. *Myers,* 99 Va. 582, 39 S. E. 218, and *Burch* v. *Hardwick,* 30 Gratt., have no application whatever to this case. Our conclusion is that reading section 120 of the present Constitution in the light of the surrounding circumstances the language used clearly indicates that it was the purpose of its framers to refer the subject—the power and control over the police force in the several cities of the State—to the Legislature for action, and that said section is not to be construed as self-executing.

The judgment of the Corporation Court of Newport News must, therefore, be reversed and annulled, and this court will enter such judgment as that court should have entered.

*Reversed.*