# CHARLESTON.

LEWIS v. MUSGROVE, JUSTICE, et al.

Submitted September 18, 1917.    Decided September 25, 1917.

BREACH OF THE PEACE—*Prohibition—Bond—Statute.*

A justice has no jurisdiction by virtue of sections 31 and 32, of chapter 32A, Code of West Virginia, as amended in 1917, construed with reference to any other provision of said chapter, to require one accused of the offense prescribed by section 31, after a preliminary hearing, to enter into a bond conditioned not to violate any of the provisions of said chapter, as provided in section 10 thereof, applying to other offenses, and his attempt to do so is in excess of his lawful authority and jurisdiction and may be prohibited.

Error to Circuit Court, Marion County.

Prohibition by William Lewis against M. R. Musgrove, Justice, and others. Writ denied, and plaintiff brings error.

*Judgment reversed, and case remanded, with direction to award the writ.*

*Chas. Powell,* for plaintiff in error.

*Walter R. Haggerty* and *Jno. T. Simms,* for defendants in error.

MILLER, JUDGE:

On writ of error plaintiff has moved the court to reverse the judgment of the circuit court of Marion County denying him a writ prohibiting respondents, Musgrove, Justice, and Haggerty, prosecuting attorney of said county, from requiring of him a bond with security, conditioned that he shall not violate any of the provisions of chapter thirteen, Acts of the Legislature of West Virginia, 1913, as amended, during the time intervening between the date of such bond and the adjournment of the next grand jury term of the ——court of said county, and in default of such bond, from committing him to the jail of said county, alleged to be in excess of the lawful authority and jurisdiction of said justice.

The record shows that on the 18th day of June, 1917, on a warrant issued by said justice on the complaint of Haggerty, plaintiff was arrested and taken before said justice charged in the complaint and warrant with unlawfully bringing and carrying into the state and from one place to another therein, intoxicating liquors in excess of one quart for personal use and otherwise, inhibited by section 31, of said acts, as amended by chapter fifty eight of the acts of the Legislature of 1917.

The record further shows that on being brought before the justice on June 18, 1917, the accused entered into a recognizance for his appearance on June 25, 1917, to which day the case was continued and set for trial, and on that day he appeared in discharge of his recognizance and demanded a trial, but the prosecuting attorney, being also present, and, as provided by section 32, of chapter 32A, of the Code, electing to have a preliminary hearing, and not a trial before said justice, to determine whether the accused should be held to the grand jury, a trial was denied him; and on such preliminary hearing, the accused offering no evidence, the justice was of opinion to and did hold petitioner to await the action of the grand jury at the next term of the circuit court, and required of him not only a recognizance in the penalty of five hundred dollars, conditioned for his appearance before said court at said term, which was promptly given, but in addition thereto another bond with surety in like penalty, conditioned as aforesaid, not to violate any of the provisions of said chapter 13, Acts of 1913, during the time intervening between the date of the bond and the adjournment of the next grand jury term of the said circuit court, which latter bond the accused refused to give and the justice refused to discharge him from custody, and would have committed him to the jail of said county, but for the rule in prohibition awarded in this cause.

The learned judge of the circuit court was of opinion to deny the writ, not because he found any specific provision in said section 31, of the act, authorizing the justice to require such additional bond, but because he was of the opinion, first, that to effectuate the purposes of the act, and in

obedience to the rule of liberal construction required by section 23, of the act, that the provisions of section 10 thereof should be read into section 31 also, and enforced accordingly; second, that as neither section 31 nor 32, provide for the taking of a recognizance by the justice on an appeal or when no trial but only a preliminary examination is had, section 10, of said chapter, the only section covering the subject must necessarily be read into the later sections.

It was said arguendo by the judge of the court below, that the legislature in enacting the statute must have had in mind that the accused, as well as the State, in order to have the benefits of a trial before a jury and a judge learned in the law might desire before trial to waive examination and a trial before the justice, and to transfer the case to the circuit court, or after trial before the justice might want to take the case to the circuit court on appeal for a trial de novo, wherefore the necessity of reading into the later sections the provisions of section 10, and this being so the whole of that section, including that provision thereof relating to the good behaviour bond, should be interpolated into the later sections.

Grammatically, however, the provision of section 10, could apply only to "such person" or persons as are included in section 9, or some previous section of the statute, to which its provisions may be said to plainly refer. With reference to section 9, "such person" plainly refers to a person accused of manufacturing, selling, offering or exposing, keeping or storing for sale, etc., any liquors, etc. We observe that section 18, providing for such good behaviour bonds "upon conviction", in addition to the penalties prescribed limits them to convictions under sections two to sixteen thereof. It seems to us it is travelling too far and outside of the well recognized canons of construction for the court to read into a statute provisions imposing such unusual burdens upon persons not convicted of the crimes charged, but only accused thereof, when the particular statute defining the offense and prescribing the penalty does not in terms impose such burden. To so construe the statute would involve grave constitutional questions presented and argued, but not necessary

to be decided in view of the conclusion we have reached in the case.

Moreover, the difficulties and hardships anticipated by the court below are all covered by provisions of the general law. Section 31 of said act does not specifically give the accused an appeal from the judgment of the justice, but it does in terms assume his right to such appeal in giving to the state the same right of appeal as the defendant from any judgment of the justice. In the absence of any statute giving the right, or rule of practice prescribed, for taking recognizance of bail, etc., where should we go? Should we not look to the general law on the subject? We think we should do so. Chapter 156, of the Code, relating to arrest, commitment and bail, fully covers that subject; and in the absence of any provision of said act giving appeals in such cases, we may, by analogy, refer to the provision of section 230, chapter 50, for the practice relating to appeals from the judgments of justices. Wherefore, it becomes unnecessary to interpolate the burdensome provisions of section 10, of said act, into the later sections in order to preserve the rights of the state or the accused in the premises.

High authority on the subject says: "The practice of reading words into a statute is one to be exercised with caution, and should only be indulged when the omission is palpable and the omitted word clearly indicated by the context." 2 Lewis' Sutherland Stat. Const., section 382, p. 736. And this writer says in the same paragraph: "Where the omission is not plainly indicated and the statute as written is not incongruous or unintelligible and leads to no absurd results, the court is not justified in making an interpolation." And in *Johnson* v. *Barham*, 99 Va. 305, 38 S. E. 136, cited by this writer for the proposition just quoted, the Virginia court said: "It is safer in a case which admits of doubt, when the court finds itself at all involved in conjecture as to what was the legislative intent, that the particular object which may reasonably be supposed to have influenced the legislature in the particular case should fail of consummation than that courts should too readily yield to a supposed necessity, and exercise a power so delicate, and so easily

abused, as that of adding to or taking from the words of the statute.''

We reach the conclusion to reverse the judgment, and to remand the case, with direction to the circuit court to award the writ.

*Reversed and remanded, with directions to award the writ.*