# CHARLESTON.

STATE *ex rel* WILLIAM BURKETT *v.* ALAN H. ROBINSON, JUDGE

Submitted April 30, 1924.   Decided May 29, 1924.

1. MUNICIPAL CORPORATIONS—*City Charter Held Not to Authorize Ordinance Punishing Intoxicated Driver, Other Than Punishment in Statute.*

    The charter of the City of Wheeling as amended by the provisions of secs. 78 and 101 of ch. 43 of the code, does not grant to the council of said city the power to make and enforce an ordinance which prescribes the punishment for an intoxicated person to drive a vehicle upon the public streets of the city, other than the punishment in sec. 88 of said chapter. (p. 559).

2. SAME—*Ordinance Prescribing Punishment for Intoxicated Driver Void.*

    An ordinance of the City of Wheeling which provides that no intoxicated person shall drive any vehicle upon the public streets of the city, and that any person convicted of its violation shall forfeit and pay to the city a fine of not less

than $50.00 and not more than $100.00 and in addition thereto shall be imprisoned for not less than one month nor more than one year and pay the costs of this prosecution, is void under secs. 88 and 101 of ch. 43 of the code.    (p. 560).

3.    PROHIBITION—*Will Lie to Prohibit Exercise of Jurisdiction of Case Based on Void Ordinance.*

Prohibition will lie to prohibit the Judge of the Criminal Court of Ohio County from exercising jurisdiction of a case based upon such void ordinance.    (p. 562).

Original proceedings by the State, on the relation of William Burkett, against Alan H. Robinson, Judge, and others.

*Writ of prohibition awarded.*

*Frank A. O'Brien* and *J. Howard Holt,* for relator.
*Carl O. Schmidt,* for respondents.

McGINNIS, JUDGE:

By a rule awarded on the 24th day of January, 1924, the respondents were summoned to appear here and show cause why they should not be prohibited from proceeding to try petitioner upon his appeal from a judgment of the police court of the City of Wheeling upon a warrant of arrest issued January 22, 1923, charging him with a violation on January 22, 1923, of sec. 20 of an ordinance of said City of Wheeling entitled: "An ordinance to regulate traffic and the parking of vehicles of the City of Wheeling." Passed March 14, 1922. Section 2 of the ordinance referred to is as follows:

> "No intoxicated person shall drive any vehicle; any person convicted of a violation of this section shall forfeit and pay the City of Wheeling a fine of not less than fifty dollars and not more than one hundred dollars and in addition thereto shall be imprisoned for not less than one month nor more than one year and pay the costs of prosecution."

The charge against the petitioner is that he, on the 22nd day of January, 1923, "did unlawfully drive a vehicle in an intoxicated condition, on Jacob street between 43rd and 44th streets going south about 11:30 A. M." Petitioner alleges

that the streets upon which this offense is alleged to have been committed, constitute a connecting link in the system of state roads and highways as defined by ch. 43 of the code and specifically referred to in sec. 148 of said chapter.

The petitioner alleges that he appeared before the Police Court of said City at the time appointed for his trial in person and by counsel, and moved said court to quash said complaint and warrant and demurred to same, which motions were overruled by the court and petitioner was tried and sentenced to pay a fine of fifty dollars to the City of Wheeling, and to be confined in the jail of Ohio County for a period of thirty days; that an appeal was taken to the Criminal Court of Ohio County in which court petitioner again moved to quash the complaint and warrant and moved that he be discharged from further prosecution; that petitioner challenged the jurisdiction of said criminal court to try said offense against him; but on the 19th day of January, 1924, the Judge of said Court, Honorable Alan H. Robinson, overruled petitioners motions and set the case for trial on the 28th day of January, 1924.

Petitioner alleges that the alleged ordinance of the City of Wheeling, under which petitioner is charged, is null and void and the Police Court and the Criminal Court of Ohio County were wholly without jurisdiction to try petitioner for said offense for the two following reasons:

> "1.  Because the legislature of West Virginia in its session of 1921, enacted a general law governing traffic, and provided a specific penalty for the offense here charged against the petitioner and refers to sec. 88 of ch. 43 of the code and quotes therefrom.
>
> "2.  For the reason that this street where this offense was committed constitutes and is a connecting link in the system of state roads and highways and is not a subject of legislation by the municipality of Wheeling."

The respondents move to quash and dismiss the petition. They make no other defense. On this motion, they contend that the charter of the City of Wheeling enacted by the legislature in 1915, gave the authority to the council of said city to enact the ordinance complained of here, and quote from the charter, sec. 23. We do not deem it necessary to go into

the powers granted the city by its charter for however broad
the charter is and whatever power it may give the council to
pass the ordinance in question, is it void under sec. 88 of ch.
43 of the code and sec. 101 of said chapter? The ordinance
was passed by the council of the City of Wheeling on the
14th day of March, 1922. That portion of sec. 88 of ch. 43
which bears upon the question here under consideration, is
as follows:

> "No person shall drive or operate any vehicle, motor
> driven or otherwise, upon any public road or street of
> this state, when intoxicated or under the influence of
> liquor, drugs or narcotics; and anyone violating this
> provision shall be guilty of a misdemeanor, and upon
> conviction thereof shall be punished with a fine of not
> less than twenty-five dollars, nor more than one hundred
> dllars and shall be confined in the county jail not less
> than sixty days nor more than six months for the first
> offense; and for a second offense he shall be deemed
> guilty of a felony, and upon conviction thereof shall be
> confined in the penitentiary not less than one nor more
> than three years."

Chapter 43 of the code went into effect on the 22nd of
April, 1921. Respondent contends that sec. 148 of said chap-
ter grants to the City of Wheeling the power to pass the
ordinance in question, that section is as follows:

> "Nothing contained in this act shall be construed to
> take from the jurisdiction, charge or control of the
> council, trustees or other authority of any incorporated
> city, town or village, so much of any county-district
> road, bridge landing or wharf, as by the laws now in
> force, is exclusively under such jurisdiction, charge or
> control, and authority is hereby given to such cities,
> towns, and villages to make and enforce by-laws, reso-
> lutions, ordinances or other appropriate orders, rules and
> regulations, governing the streets and alleys within their
> respective borders and the traffic thereon, *provided,*
> *however,* that where any street or alley in such munici-
> pality constitutes a connecting link in the system of
> state roads and highways, the speed and load limit shall
> be in conformity with that prescribed on state roads and
> highways."

This section must be read and construed with sec. 88 of said chapter and the fines and penalties prescribed by a city under this section must be governed by it and the mandatory provisions of sec. 101 of said chapter. This section does not grant to the City of Wheeling power to pass an ordinance in conflict with the general law. Section 148 grants to the cities and to the towns the power to make and enforce ordinances governing the streets and alleys and the traffic therein, and doubtless grants to them the power to make and enforce an ordinance prohibiting an intoxicated person from driving a vehicle upon its streets and alleys, but the punishment for a violation of such ordinance is fixed by sec. 88 of said chapter, and sec. 101 applies the provisions of ch. 43 in general throughout the state and prohibits the making or enforcing by any political subdivision of the state any ordinance, rule or regulation imposing fines and penalties other than those prescribed in said chapter.

By a comparison of sec. 88 with the ordinance it will be observed that there is quite a difference in the penalties prescribed for the offense charged. Under said section, the penalty for the first offense and the punishment prescribed are a fine of not less than $25.00 nor more than $100.00 and confinement in the county jail not less than sixty days nor more than six months. Under the ordinance the punishment prescribed is a fine of not less than $50.00 nor more than $100.00 and the imprisonment not less than one month nor more than one year. Under the statute the maximum punishment is $100.00 fine and imprisonment for six months. Under the ordinance the maximum punishment is a fine of $100.00 and imprisonment for one year. The minimum punishment under the statute, is $25.00 fine and sixty days in jail and the minimum punishment under the ordinance is a fine of $50.00 and imprisonment for thirty days. Then are we not compelled to say that the fines and penalties prescribed in the ordinance in question are "other" than those prescribed in sec. 88 of ch. 43 of the code? And when we concede that, we are confronted with sec. 101 of said chapter which, in so far as it relates to the questions here discussed, is as follows:

"The provisions of the act shall apply in general throughout the state and no political subdivision thereof shall *make* or *enforce* any ordinance, order, rule, or regulation imposing fines and punishments *other* than those herein prescribed," etc.

The effect of the passage of sec. 88, ch. 43 of the code was to amend the charters of all the incorporated cities and towns in the state that gave them the power to pass ordinances in conflict with said section, and section 101 of said chapter prohibits the making or the enforcing of any ordinance, order, rule or regulation imposing fines and penalties other than those prescribed in the act. Reasoning from these two sections of the general law and from the ordinance in question, we hold that the council of the City of Wheeling had no power or authority to pass the ordinance in question and that it can not be enforced and is therefore void.

In the case of *Landis* v. *The Borough of Vineland*, 54 N. J. L. R. 75, it is held:

"A Borough act which declares that the penalty incurred by persons violating any Borough ordinance shall be a fine not exceeding $20.00, in the discretion of the mayor; a Borough ordinance declared that if any person should do certain specified acts, he should incur a penalty of not less than $3.00 nor more than $10.00. Held that the clause of the ordinance prescribing the penalty was inconsistent with the charter and therefore void. Held, also, that the clause of the ordinance defining the offenses was inseparably connected with the penal clause and consequently was likewise void."

Ordinances must not be inconsistent with the statute or the general law of the state for if they are they will be null and void unless by virtue of express grant of the state. McQuillan on Municipal Corporations, sec. 647; Dillon on Municipal Corporations, sec. 601.

"So far as a city is concerned, considered in the character of an artificial being, it is a creature of the legislature. It can have no rights save those bestowed upon it by its creator. As it might have been created lacking some right bestowed upon it, it is in no position to complain should the power that bestowed such right see

fit to take it away. In other words the power to create implies the power to impose upon the creature such limitations as the creator may will, and to modify or even destroy what has been created. The power to create a municipal corporation, which is vested in the legislature, implies the power to create it with such limitations as the legislature may see fit to impose, and to impose such limitations at any stage of its existence.'' 19 R. C. L. (Municipal Corporations) sec. 35.

We conclude therefore that the writ of prohibition prayed for should be awarded and it will be so ordered.

*Writ of prohibition awarded.*