# CHARLESTON.

### C. H. COMBS v. CITY OF BLUEFIELD.

Submitted September 23, 1924. Decided October 14, 1924.

1. MUNICIPAL CORPORATIONS—*City May Charge Resident Automobile Owners Same License Fees as State.*

> Section 82, chapter 112, Acts 1921, amended by chapter 6, Acts 1923, and shown in the official or published volume of Acts of 1923, which provides that "No license fee or tax other than that prescribed in this (the 82nd) section shall be charged by the state or any municipality or other political subdivision thereon, except the regular property tax, with respect to such vehicles and the operation", does not prohibit a city from charging the same license fees to owners of automobiles residing in the city as are charged by the state. (p. 396).

97 W. Va.

2. STATUTES—*Enrolled Bill, Differing from Official Published Copy Best Evidence of Legislature's Intent.*

When an enrolled bill differs from the official published copy, the enrolled bill is the best evidence of the intent of the legislature. (p. 398).

3. MUNICIPAL CORPORATIONS—*Municipalities May Require Resident Automobile Owners to Obtain Operating License.*

The enrolled bill in the instant case, amending certain sections of chapter 112, Acts 1921, does not prohibit municipalities from requiring resident owners of automobiles therein to obtain licenses for the operation thereof. (p. 399).

Appeal from Circuit Court, Mercer County.

Suit by C. H. Combs against the City of Bluefield and others. From an order refusing to dissolve an injunction, the named defendant appeals.

*Reversed; bill dismissed.*

*Russell S. Ritz,* and *Sanders, Crockett, Fox & Sanders,* for appellant.

*John Kee,* and *John R. Pendleton,* for appellee.

MEREDITH, PRESIDENT:

Plaintiff, the owner of two automobiles for private use suing on behalf of himself and all other residents of the city of Bluefield similarly situated, obtained an injunction restraining the city from enforcing an ordinance enacted June 13, 1922, which requires owners of motor vehicles residing in the city to obtain a license to operate them in the city, to pay certain license fees therefor, and provides for fine and imprisonment for violations thereof. The city appeals from an order refusing to dissolve the injunction.

The charter of the city authorizes the Board of Directors to enact such an ordinance. Acts 1921 (Municipal Charters) chapter 2, section 39. This is conceded by plaintiff's counsel; but they say that this provision was repealed by act of the Legislature, 1923, chapter 6, amending certain sections of the Road Law, chapter 112, Acts 1921. Section 82 of the Road Law specifies the license fees for motor vehicles. This was amended and re-enacted by chapter 6, Acts 1923. That portion of the amendment relied on here is found on page 28 of the bound volume of the 1923 acts. It reads:

"No license fee or tax other than that prescribed in *this* section shall be charged by the state or any municipality or other political sub-division there-on, except the regular property tax, with respect to such vehicles and the operation."

This is inserted in section 82 and as published in the bound volume clearly amends that section. The fee prescribed for licenses for private passenger automobiles, equipped only with pneumatic tires is 30 cents per horse-power of motor and 30 cents per hundred weight of vehicle and load. Methods are there prescribed for ascertaining the horse-power of the motor and the weight of the vehicle and load. What amount the license tax is which plaintiff is required to pay to the state does not appear, as the motor power and weight of vehicle and load of his automobile are not given. The city tax under the ordinance on automobiles used for private business or pleasure is only $10.00. Whether this is different from that paid by plaintiff for his state license is not shown. His case is not based on the fact that the city charges less or more than the state license fee, but that it makes a charge at all. He claims that the purported amendment above quoted deprives the city of its right to impose any license taxes on motor vehicles. We can not interpret the amendment that way. It simply says that no license fee or tax other than that prescribed shall be imposed by the state or any municipality. In other words, no license fee or tax different from that prescribed shall be imposed either by the state or any municipality or political sub-division,—not that a municipality shall not charge any license fee or tax,—but that it may charge none other than that as fixed in "this section." For a similar use of the words "other than" see *Ex parte Selma & Gulf Railroad Company,* 45 Ala. 696, 6 Am. Rep. 722. The fact that the amount of the license fee may be determined by the city in a way different from that prescribed should make no difference, so long as the amount is the same, though that point is not raised here. Under this supposed amendment as printed, we see no valid reason why the city may not charge the same license fees as the state charges and that is the only question before us.

But respondent urges that the supposed amendment to section 82, chapter 112, Acts 1921, and printed as an amendment thereto in the official copy of the Acts of 1923, chapter 6, is not a correct copy of the amendment. In support of its contention it files a copy of the enrolled bill, certified by the Secretary of State. The provision in lieu of the purported printed amendment is set off in a separate section as "82 a", and reads as follows:

> "Sec. 82 a. No license fee or tax other than that prescribed in *that* section shall be charged by the state or any municipality or political sub-division thereon, except the regular property tax, with respect to such vehicles and their operation."

The enrolled bill differs essentially from the official copy as printed in the Acts of 1923. In such case the enrolled bill is the best evidence of the intent of the Legislature. *Johnson* v. *Barham,* 99 Va. 305, 38 S. E. 136; *State ex rel. Reed* v. *Jones,* 6 Wash. 452, 23 L. R. A. 340, and notes thereto; *Railway Company* v. *Oklahoma,* 28 Okla. 94, 113 Pac. 921, 40 L. R. A. 1, and notes thereto.

Respondent urges that section 82-a as incorporated in the enrolled bill is no part of the act, because its object appears in neither the title to the bill nor in its enacting clause. The title is:

> "AN ACT to amend and re-enact sections twelve, fifteen, seventeen, twenty, twenty-five, thirty-one, fifty-six, sixty-seven, seventy-one, seventy-five, seventy-six, eighty-two, eighty-three, ninety-three, ninety-four, ninety-five, one hundred and four, one hundred and twenty-three, one hundred and thirty-eight, and one hundred and forty-six, of chapter one hundred and twelve of the acts of the legislature, one thousand nine hundred and twenty-one, regular session, and by adding thereto section twenty-one-a, relating to public roads and the use thereof."

The enacting clause reads:

> "*Be it Enacted by the Legislature of West Virginia:*
>
> That sections twelve, fifteen, seventeen, twenty, twenty-five, thirty-one, fifty-six, sixty-seven, seven-

> ty-one, seventy-five, seventy-six, eighty-two, eighty-three, ninety-three, ninety-four, ninety-five, one hundred and four, one hundred and twenty-three, one hundred and thirty-eight, and one hundred and forty-six, of chapter one hundred and twelve of the acts of the legislature, one thousand nine hundred and twenty-one, regular session, be amended and re-enacted, and that there be added to said chapter section twenty-one-a, to read as follows:"

The enrolled bill adds section twenty-one-a, amends the sections designated in the title, and also adds section 82-a. Section 82-a is no where mentioned in the title or in the enacting clause. Whether it can be fairly said to be enacted as an amendment to section 82 we need not decide. To say the least, it is inaptly drawn. If the expression "that section" refers to section 82, then municipalities are not inhibited from charging motor vehicle license fees. If it does not, then it can not refer to any section, and would be invalid for uncertainty. So in either event, whether section 82-a is valid or invalid, the city of Bluefield has the right to charge a license fee against its residents operating motor vehicles upon its streets.

Reference is made in brief of counsel for plaintiff to the recent case of *State* v. *Robinson*, 96, W. Va. 556, 123 S. E. 575, in which we held that under section 101, chapter 112, Acts 1921, which says that the provisions of the act shall in general apply throughout the state, and that no political sub-division shall make or enforce any ordinance, order, rule or regulation imposing fines and penalties other than those in the act prescribed, the city of Wheeling could not enforce an ordinance imposing heavier fines or penalties than those prescribed by the statute, for an intoxicated person to drive a vehicle upon the streets of the city, that had been designated by the state road commission as connecting parts of the state road system. That case relates solely to the extent of the fines and penalties, but it does not say that the city may not impose fines and penalties for a violation of its ordinances with respect to such streets, where the fines and penalties to be imposed conform to the state road law.

In the instant case no complaint is made that the penalties imposed by the city differ from those prescribed by the statute. The sole question is whether the city may require resident owners of motor vehicles to obtain licenses. We hold it may. We will therefore reverse the decree, dissolve the injunction and dismiss plaintiff's bill.

*Reversed; bill dismissed.*

MILLER, JUDGE:

I am not disposed to dissent; but if it were not for the doubt and uncertainty about the validity of the amendment of section 82 of chapter 43 of the Code by the Act of 1923, I would be disposed to hold that by the last paragraph of that section, as it now appears printed in the Acts of 1923, the legislature intended to take away from municipalities and other political subdivisions the power to impose license taxes on motor vehicles operated therein. I think this was the manifest intention, whether or not the language employed was sufficient to accomplish that purpose.