CITY OF MORGANTOWN *v.* N. A. PAULEY

(No. 7991)

Submitted October 10, 1934.  Decided October 23, 1934.

*Donald G. Lazzelle,* for plaintiff in error.
*Mason & Haden,* for defendant in error.

LITZ, JUDGE:

Defendant, N. A. Pauley, was convicted before the circuit court of Monongalia County upon appeals from judgments of conviction by the police court of the city of Morgantown under two separate warrants charging him with violation of an ordinance of the city regulating barbering and beauty culture.  He was fined $50.00 in each case.  The first warrant charges him with violating section 7 of the ordinance prohibiting "the manager of a barber or beauty shop, school, college or establishment" from permitting any person "to work in such shop, school, college or establishment as a barber, beautician, apprentice or student who has not first obtained a cer-

tificate as provided" in the ordinance. The second warrant charges that he violated section 11 of the ordinance by operating a school of barbering and beauty culture in the city of Morgantown without filing with the city clerk a bond in the penalty of not less than $1,000.00 "conditioned on compliance with the provisions" of the ordinance.

Defendant contends (1) that the city was without authority to enact the ordinance; and (2) that it was repealed by an act of the legislature (chapter 82, Second Extraordinary Session 1933), which became effective before trial in the circuit court.

Being of opinion that the statute repealed the ordinance, or at least the provisions here involved, it is unnecessary to determine the first issue.

The title of the act, comprehensively translated in the body, follows: "AN ACT to regulate the practice of barbering and beauty culture; to provide for the examination and registration of barbers, beauticians and apprentices, and the licensing of schools of barbering and beauty culture and fixing the fees thereof; to establish a state committee of barbers and beauticians and define its powers and duties, to provide for the promulgation of sanitary regulations for barbers and beauticians, barber and beauty shops and schools of barbering and beauty culture, to provide for physical examinations and certificates of health of barbers and beauticians and apprentices, to regulate barber and beauty shops and schools of barbering and beauty culture, and to provide penalties for the violation of the provisions hereof."

Section 3 provides: "The committee shall examine all applicants for certificates of registration and issue said certificates to those entitled thereto; collect examination and registration fees; promulgate rules and regulations governing the operation of barber shops, beauty shops, and schools of barbering and beauty culture, including the prescribing of curriculums and standards of instruction for such schools; promulgate rules and regulations for the physical examination of barbers, beauticians and apprentices, and fix the standard form of report of such

examination; establish and enforce sanitary regulations in barber shops, beauty shops, and schools of barbering and beauty culture; enforce all such rules and regulations as are herein authorized; and to do all other things necessary to effectuate the purposes of this act in the interest and protection of the public health."

The statute not only vests in the committee the control and supervision of barbering and beauty culture in the state, but authorizes those receiving certificates of registration from the committee and complying with its regulations to practice barbering or beauty culture. It also provides that "any ordinances of any municipalities in this state now in effect and having for their purpose the regulation of the practice of barbering or beauty culture, which are in conflict with the provisions of this act, or any part thereof, shall be null and void and of no effect on and after the date this act goes into effect."

As barbering or beauty culture schools may operate under licenses and regulations of the committee, the additional city restrictions are necessarily in conflict with the statute, [*State ex rel. Wells* v. *City of Charleston*, 92 W. Va. 611, 115 S. E. 576; *State ex rel. Burkett* v. *Robinson, Judge*, 96 W. Va. 556, 123 S. E. 575; *Wilkie* v. *City of Chicago*, (Ill.) 58 N. E. 1004; *City of Houston* v. *Richter*, (Tex.) 157 S. W. 189; *City of Chicago* v. *Jensen*, (Ill.) 162 N. E. 115] and, accordingly, were thereby repealed.

The ordinance, or provisions thereof in question, having been repealed by the statute before the judgments complained of, the prosecutions must fail. Repeal of an ordinance pending prosecution under it operates to release the defendant. 2 McQuillin on Municipal Corporations, sec. 881. See also *United States* v. *Chambers and Gibson*, 54 Sup. Ct. Rep., p. 434.

The judgments are, therefore, reversed and the warrants dismissed.

*Reversed and dismissed.*