# Richmond

## WILLIAM SHAW v. CITY OF NORFOLK.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*Page, Page & Page* and *Ivor A. Page, Jr.*, for the plaintiff in error.

*John N. Sebrell* and *Jonathan W. Old, Jr.*, for the defendant in error.

Hudgins, J., delivered the opinion of the court.

William Shaw was convicted of a second violation of an ordinance of the city of Norfolk making it an offense against the city to drive an automobile on the streets while intoxicated, and his punishment fixed at a fine of $100 and imprisonment in jail for one month.

The judgment of the trial court is attacked in this court on two grounds: (1) That the City Council was not authorized to adopt the ordinance in question, and (2) that the provisions of the ordinance are in conflict with the provisions of Code, section 4722.

The powers delegated to the city of Norfolk under its charter are broad and comprehensive, namely:

' * * * to do all other things whatsoever adapted to make

said streets and highways safe, convenient and attractive.

"Generally to define, prohibit, abate, suppress, and prevent all things detrimental to the health, morals, comfort, safety, convenience and welfare of the inhabitants of the city.

"To exercise full police powers, etc.

"To make and enforce all ordinances, rules and regulations necessary or expedient for the purpose of carrying into effect the powers conferred by this charter or by general law, and to provide and impose suitable penalties for the violation of such ordinances, rules and regulations, or any of them, by fine not exceeding five hundred dollars or imprisonment not exceeding six months, or both."

The delegated powers are sufficiently comprehensive to authorize the city to adopt an ordinance prohibiting and preventing a person, while drunk, from driving an automobile upon the streets. Such an act is so fraught with potential danger to the lives and property of the inhabitants of a populous city that it should be held valid, unless the ordinance violates some positive mandate.

The accused contends that the ordinance is invalid because the Legislature by general law (section 4722) made the offense a misdemeanor, specifically stating a minimum and maximum punishment, and did not in express terms delegate to any municipality the power to pass such an ordinance. That is, the Legislature has, by implication, withheld or withdrawn such power from all cities and towns.

McQuillin on Municipal Corporations (2d Ed.), section 923, has summarized the general doctrine thus: "Under the usual grant of municipal powers, which, in general terms, includes the authority to enact all necessary ordinances to preserve the peace and advance the local government of the community, the local corporation cannot provide by ordinance for the punishment of an act constituting a misdemeanor or crime by statute. It may only exercise such powers as legitimately belong to the local and internal affairs of the municipality. In the performance of such functions much latitude is often permitted. But it is entirely competent for the legislature to confer in express terms such powers as will enable

the local corporations to declare by ordinance any given act an offense against its authority notwithstanding such act has been made by statute a public offense and a crime against the state. And where the regulation of a specific matter has been thus expressly and exclusively given to the local corporation, whether it be intrinsically state or local, the corporation may exercise the power so conferred, unfettered, until such time as it is legitimately withdrawn by the state.

" * * * The enforcement of the fundamental rule that the ordinance must be in harmony, or at least not inconsistent, with the state law, has been the source of much confusion on this subject. The true doctrine appears to be that, whether the city may exercise control of state offenses must be determined by the legislative intent. And such intent must also decide the manner in which the power is to be exercised, and whether such control is to be exclusive or whether it is to be exercised concurrently with that of the State."

The first general law on this subject is found in the Acts of 1916, chapter 372, page 640. Punishment for driving an automobile while drunk was made a misdemeanor and a maximum and minimum punishment prescribed. The verbiage of the act was somewhat changed by the Code revisors, and carried into the Code of 1919 as section 4722. The act was again amended by the extra session of 1923 (see Acts Ex. Sess., 1923, chapter 87, page 108), in which it was provided that a judgment of conviction should itself operate to deprive the accused of the right to drive or operate a vehicle for a period of one year; and further, "nothing in this section shall be construed as conflicting with or repealing any ordinance or resolution of any city, town or county, heretofore or hereafter adopted, which restricts still further the right of such persons to drive any such vehicle or conveyance."

In 1924 the subject was dealt with under the "Layman Act" (Acts 1924, chapter 407, section 25), in which the punishment for the first offense was fixed at not less than $100, nor more than $1,000, and imprisonment for not less than 30 days, nor more than one year; and for a second offense an imprisonment of not less than six months, nor more than two years,

with the proviso that nothing in the section should be construed as conflicting with or repealing any ordinance or resolution of any municipality theretofore or thereafter adopted which restricts still further the right of a person so convicted to drive.

Section 37 of the "Layman Act" expressly empowered all cities and towns in the Commonwealth to pass such ordinances embracing such provisions of the act as were applicable, and further, "to prohibit the manufacture, transportation, sale * * * or dispensing ardent spirits and to provide adequate penalties therefor provided such penalties shall be the same as those provided in the state prohibition law for similar offenses."

Under this provision the municipalities were authorized to adopt ordinances paralleling the State law, regulating the use of intoxicating liquors and the operation of vehicles by drunken drivers. The power so delegated unquestionably remained in the municipalities until 1934, when all sections of the "Layman Act" were repealed and the Alcoholic Beverage Control Board was created. By this repealing act, section 25 of the "Layman Act," making the driving of an automobile or other vehicle upon the public highways, while intoxicated, a crime, and providing the punishment therefor, was likewise repealed. To meet the situation regarding this evil, the General Assembly of 1934 enacted chapter 144 (Acts 1934, page 220) which is carried in Michie's Code of 1936 as section 4722. This act is divided into four sections. Section 1 defines the offense. Section 2 fixes the punishment. Section 3 deprives a person convicted under the act of the right to drive or operate any vehicle for a certain period; namely upon conviction of a first offense, for one year, and upon conviction of a second or subsequent offense, for three years. The act itself clearly recognizes the power, which theretofore existed in the municipalities, to adopt ordinances declaring the offense of driving vehicles or conveyances, while intoxicated, as an offense against the municipality. Section 3, in part, reads: "The judgment of conviction, if for a first offense under this act, or for similar offense under any city

or town ordinance, shall of itself operate to deprive the person convicted, of the right to drive or operate any such vehicle, conveyance, engine or train in this State for a period of one year from the date of such judgment, and if for a second or other subsequent offense, for a period of three years from the date of the judgment of conviction thereof. * * * but nothing in this act shall be construed as conflicting with or repealing any ordinance or resolution of any city, town or county, heretofore or hereafter adopted, which restricts still further the right of such persons to drive or operate any such vehicle or conveyance."

In other Code sections the Legislature has revealed its intention to limit the powers of municipalities and localities, in certain named particulars, to regulate traffic upon the streets and highways of the Commonwealth. As to speed limits, see section 2154 (99). As to signs on the highways, see section 2154 (101). As to size and weight of vehicles, see sections 2154 (157), 2154 (162). In each instance the power of the locality to deal with the subject is either expressly denied or expressly granted under certain named limitations. Section 4722 is the only general statute dealing with the subject of drunken drivers of vehicles upon the highways, and this section expressly recognized the right of municipalities to deal with the subject.

The conclusion is inevitable, from the statutes cited, that it was and is the intention of the General Assembly to permit the municipality to legislate on the subject of drunken drivers of vehicles.

In Chicago v. Union, etc., Mfg. Co., 252 Ill. 311, 96 N. E. 872, Ann. Cas. 1912D, 675, it was held that a Legislature may confer police powers on a municipality over subjects within existing State laws, and an act may be a penal offense under the laws of a State, and under a municipal ordinance.

The case from West Virginia, State v. Robinson, 96 W. Va. 556, 123 S. E. 575, relied on by the accused, is not in point, as the statute in the West Virginia case expressly provided that "no political subdivision hereof shall make or enforce any ordinance, order, rule, or regulation imposing fines and penal-

ties other than those herein prescribed," etc. Code West Virginia 1923, chapter 43, section 101.

There are a few cases apparently sustaining the contention of the accused, but on an analysis of each case it is found that they turn on the constitution, the general laws, or the language used in the charter then under consideration. *Goldie Schneiderman* v. *Sesanstein*, 121 Ohio St. 80, 167 N. E. 158, 64 A. L. R. 981; *State* v. *Mandehr*, 168 Minn. 139, 209 N. W. 750; *Ex Parte Daniels*, 183 Cal. 636, 192 P. 442, 21 A. L. R. 1172.

The other question presented is, whether the provision of the ordinance of the city of Norfolk conflicts with Code, section 4722, as amended. The only variance between the ordinance in question and the general law, is in the maximum punishment prescribed. Under the state the maximum punishment for the first offense is a fine of $1,000 and confinement in jail for six months. Upon conviction for a second or subsequent offense the maximum is not more than $1,000 and imprisonment for not more than one year, whereas, under the ordinance, the maximum punshment for the first and second offense is the same, to-wit, a fine of $500 and six months in jail. The minimum punishment in both the statute and the ordinance is the same. The punishment inflicted upon the accused in this case was the minimum provided in the statute and the ordinance, and hence is not inconsistent with either. The city of Norfolk, under its charter powers, in all cases is limited in the fine it may impose to $500, and to imprisonment for six months. The penalties imposed under the ordinance conformed to this express restriction stated in the charter.

The general rule is that where a municipality has the power to legislate on the same subject with which the State has dealt by general law, in the absence of specific restrictions, the ordinance of the municipality will not be declared invalid merely because different penalties are prescribed in the ordinance from those prescribed by a general statute.

McQuillin on Municipal Corporations (2d Ed.), section 924 (F. N.), states the rule thus: "Where a city has concurrent powers with the State it may prescribe a penalty for the

violation of its ordinances different from that prescribed by the State for the violation of a statute regarding the same subject matter." See *Rossberg* v. *State*, 111 Md. 394, 74 A. 581, 134 Am. St. Rep. 626.

It was said in *Struthers* v. *Sokol*, 108 Ohio St. 263, 140 N. E. 519, 521: "No real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or *vice versa*. There can be no conflict unless one authority grants a permit or a license to do an act which is forbidden or prohibited by the other."

The last syllabus in the case reads thus: "A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted from the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance." See *Harlow* v. *Clow*, 110 Ore. 257, 223 P. 541; *Turner* v. *Lineville*, 2 Ala. App. 454, 56 So. 603; *Kansas City* v. *Henre*, 96 Kan. 794, 153 P. 548; *State* v. *Wertz*, 91 W. Va. 622, 114 S. E. 242, 29 A. L. R. 391.

In *City of Duluth* v. *Evans*, 158 Minn. 450, 197 N. W. 737, it was held that a city ordinance regulating liquor traffic is not in conflict with general law merely because the penalty in the former is less than the latter, and that an ordinance covering a subject also covered by a State law is valid if it is consistent with the State law and preserves the standard of regulation as expressed by such general law.

The Legislature has delegated to the city of Norfolk full police powers, and in addition has expressly authorized it to adopt any and all ordinances, rules and regulations for the safety of its inhabitants on the city streets which it constructs and maintains at its own expense. The Legislature has revealed, by general statutes, an intent to permit municipalities to legislate on the subject of drunken drivers of vehicles, without any express limitations on the exercise of such powers. Under this state of facts our conclusion is that simply

because the maximum penalty prescribed in the ordinance is not as severe as that prescribed by Code, section 4722, the ordinance is not invalid. The judgment of the trial court is affirmed.

*Affirmed.*