## Richmond

### JOHN HENRY ALLEN v. CITY OF NORFOLK.

March 15, 1954.

Record No. 4219.

Present, All the Justices.

The opinion states the case.

*Stant & Mirman* and *Herbert L. Kramer*, for the plaintiff in error.

*Jonathan W. Old, Jr., Vernon D. Hitchings* and *Joseph E. Baker*, for the defendant in error.

*Devany & Redfern*, amicus curiae.

MILLER, J., delivered the opinion of the court.

John Henry Allen was convicted of violating section 29-23, Code of the city of Norfolk, Virginia, 1950, commonly called the Norfolk lottery or numbers ordinance. It reads as follows:

"It shall be unlawful for any person in the city to conduct, operate, manage or promote, or be concerned in or take any part in conducting, operating, managing or promoting, any lottery, raffle, numbers game or any scheme or device whereby for a valuable consideration, money, prize or other thing of value is distributed, or is to be distributed, by the element of chance. *The possession of any book, ticket, token, certificate or writing indicating any such lottery, raffle, numbers game, scheme or device shall be prima facie evidence of a violation of this section.*

"Any person violating any of the provisions of this section, for a first offense, shall be punished by a fine of not less than twenty-five dollars nor more than five hundred dollars, or by confinement in jail not exceeding six months, either or both; *and for a second or other subsequent offense committed within two years from the date of a prior conviction under this section,* as in effect prior to or subsequent to the effective date of this section, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by confinement in jail not exceeding six months, or both." (Emphasis added.)

Accused contended in the trial court and now insists that the city of Norfolk did not have the power under its charter to enact the ordinance, and that the ordinance is also invalid because it is inconsistent with and conflicts with section 18-301, Code of Virginia, 1950,[1] a general state law which

---

[1] If any person:

(1) Set up, promote or be concerned in managing or drawing a lottery or raffle for money or other thing of value,

(2) Knowingly permit such lottery in any house under his control,

(3) Knowingly permit money or other property to be raffled for in such house, or to be won therein, by throwing or using dice, or by any other game of chance,

(4) Knowingly permit the sale in such house of any chance or ticket

forbids the operation of lotteries and other offenses of similar character and provides the punishment therefor.

Our conclusion as to the status of the ordinance renders it unnecessary that we consider other assignments of error taken by accused.

Norfolk asserts that it has authority to enact the ordinance under the powers granted in its charter (Acts 1918, Ch. 34, p. 31), the pertinent provisions of which follow:

"* * * generally to define, prohibit, abate, suppress and prevent all things detrimental to the health, morals, comfort, safety, convenience and welfare of the inhabitants of the City." (Subsection (16) of Section 2 of the Norfolk Charter.)

"To exercise full police powers * * * ." (Subsection (25) of Section 2 of the Norfolk charter.)

"To do all things whatsoever necessary or expedient for promoting or maintaining the general welfare, comfort, education, morals, peace, government, health, trade, commerce or industries of the city or its inhabitants." (Subsection (26) of Section 2 of the Norfolk Charter.)

"To make and enforce all ordinances, rules and regulations necessary or expedient for the purpose of carrying into effect the powers conferred by this charter or by any general law and to provide and impose suitable penalties for the violation of such ordinances, rules and regulations, or any of them, by fine not exceeding $500.00 or imprisonment not exceeding six months, or both." (Subsection (27) of Section 2 of the Norfolk Charter.)

---

in, or share of a ticket in, a lottery, or any writing, certificate, bill, token or other device purporting or intended to guarantee or assure to any person, or entitle him to a prize or share of, or interest in a prize to be drawn in a lottery, or,

(5) For himself or another person buy, sell or transfer, or have in his possession for the purpose of sale or with intent to exchange, negotiate or transfer, or aid in selling, exchanging, negotiating or transferring, a chance or ticket in or share of a ticket in a lottery, or any such writing, certificate, bill, token or device,

He shall be confined in jail not exceeding one year, and fined not exceeding five hundred dollars.

Under section 15-5, Code of 1950, the councils of cities and towns are expressly authorized to enact ordinances and by-laws to make effective the enumerated powers conferred upon their respective cities and towns. Yet the exercise of the powers conferred upon a city or town is limited by and must conform to section 1-13.17, 1952 Supplement, Code of 1950 (amended by Acts 1950, Ch. 18, p. 22), the pertinent provisions of which are:

"When the council or authorities of any city or town, * * * are authorized to make ordinances, by-laws, rules, regulations or orders, it shall be understood that the same must not be inconsistent with the Constitution and laws of the United States or of this State." Applied in *Muscoe* v. *Commonwealth*, 86 Va. 443, 10 S. E. 534.

Section 60 of the Constitution of Virginia provides that: "No lottery shall hereafter be authorized by law; and the buying, selling, or transferring of tickets or chances in any lottery shall be prohibited."

By mandatory language of the organic law, the legislature of Virginia is required to enact general legislation to suppress the operation of lotteries and prevent the purchase, sale or transfer of lottery tickets. To do so, it must adequately state, identify and describe the offense or offenses sought to be prevented and prescribe the punishment, which in its wisdom it deems adequate to suppress the evil thus legislated against. The mandate of section 60 has been fully complied with by enactment of the general law embodied in section 18-301 and cognate sections found in Title 18, Chapter 9, Articles 1 and 2, Code of 1950. Section 18-301 is comprehensive and inclusive, and as supplemented by other sections found in Title 18, *supra*, it is sufficient to suppress the practice and evils directed to be outlawed by the Constitution.

In *Shaw* v. *City of Norfolk*, 167 Va. 346, 189 S. E. 335, we concluded that under state statutes and under the general welfare clause and grant of general police power in its charter, it was made evident that the legislature authorized

and intended that the city of Norfolk be empowered to enact and enforce an ordinance to forbid and punish the offense of operating a motor vehicle while under the influence of intoxicants, though that offense was forbidden and made punishable by general state law when the ordinance was enacted. It was there said:

"The conclusion is inevitable, from the statutes cited, that it was and is the intention of the General Assembly to permit the municipality to legislate on the subject of drunken drivers of vehicles." (At page 351).

Section 1-13.17, *supra* (Section 5, Fifteenth, Code of 1919), is not referred to in that opinion nor does an examination of the record and briefs in the *Shaw* case disclose that it was cited or relied upon.

Though more punishment could have been imposed under the state law in force when the ordinance was enacted than could be imposed under the ordinance, yet the court did not deem the variance in that respect between the state and the local law sufficient to invalidate. the latter because of its being in *conflict* with the former. And as section 5, Fifteenth, Code of 1919 (section 1-13.17, Code of 1950) was not cited, it is apparent that the court did not undertake to decide whether or not the variance in the punishment provided for under the two laws rendered the ordinance *inconsistent* with the state law and thus invalid.

The charter of the city limits the maximum punishment that may be imposed for violation of ordinances of this character to six months imprisonment in jail and a $500 fine. Thus it is clear that the city cannot enact an ordinance in which the punishment prescribed would be the same as that fixed in section 18-301, providing one year as the maximum term of imprisonment.

We need not and do not undertake to decide the scope of the city's authority under the provisions of its charter cited and relied upon. It is sufficient to say that section 18-301 is a comprehensive general law that describes the forbidden

offense and prescribes the punishment deemed proper in case of conviction.

The ordinance of the city of Norfolk is similar in some respects to the state act, yet it undertakes to add a material provision not found in section 18-301, which is that certain indicia of a lottery shall be *prima facie* evidence of guilt. Other provisions of the ordinance alter the punishment prescribed by the legislature to be imposed in case of conviction, also provide for the admission in evidence of proof of a prior conviction, and fix the punishment for such subsequent offense.

It is obvious that the provisions of this ordinance that declare that possession of certain indicia of the offense shall be *prima facie* evidence of guilt and permit proof of a former conviction, are *inconsistent* with section 18-301. Thus it is rendered invalid by section 1-13.17 which expressly prohibits legislation by a city that is *inconsistent* with state law.

For these reasons section 29-23 of the Code of the City of Norfolk, Virginia, is adjudged to be invalid, the judgment appealed from reversed, and accused discharged from custody.

*Reversed and final judgment.*