## Staunton

JOHN HENRY ALLEN v. CITY OF NORFOLK.

September 8, 1954.

Record No. 4219.

Present, All the Justices.

The opinion states the case.

*Stant & Mirman, Devany & Redfern* and *Herbert L. Kramer*, for the plaintiff in error.

*Jonathan W. Old, Jr., Vernon D. Hitchings* and *Joseph E. Baker*, for the defendant in error.

(Upon Rehearing.)

Whittle, J., delivered the opinion of the court.

This case was decided on March 15, 1954, our former opinion being reported in 195 Va. 844, 80 S. E. (2d) 605. We there held that section 29-23 of the 1950 Code of the City of Norfolk, known as the lottery or numbers ordinance, was invalid, which holding resulted in the reversal of the judgment of conviction appealed from and the release of the accused. In the interest of brevity and for the sake of clarity the original opinion should be considered in conjunction with this opinion.

The city vigorously contends both in its petition for a rehearing and in argument at bar that there is no legal *inconsistency* between the statute (§ 18-301, Va. Code, 1950) and the city ordinance (§ 29-23, Code of the City of Norfolk, *supra*). The pertinent part of Code, § 18-301, reads:

"If any person:

\* \* \* \* \* \* \*

"(5) For himself or another person buy, sell or transfer, or have in his possession for the purpose of sale or with intent to exchange, negotiate or transfer, or aid in selling, exchanging, negotiating or transferring, a chance or ticket in or share of a ticket in a lottery, or any such writing, certificate, bill, token or device,

"He shall be confined in jail not exceeding one year, and fined not exceeding five hundred dollars."

The state statute above quoted may or may not be comprehensive enough to cope with modern unlawful schemes now in use or which may be later devised and employed by the operators of lotteries or games of chance. We have not decided nor did we intend to decide that municipalities, under authority of proper charter provisions, could not pass ordinances covering situations as they may arise, pro-

vided such ordinances are not inconsistent (*i.e.*, in conflict) with "the Constitution and laws of the United States or of this State". § 1-13.17, Va. Code, 1950.

The first sentence in the Norfolk ordinance, which is in conformity with the views above expressed, reads: "It shall be unlawful for any person in the city to conduct, operate, manage or promote, or be concerned in or take any part in conducting, operating, managing or promoting, any lottery, raffle, numbers game or any scheme or device whereby for a valuable consideration, money, prize or other thing of value is distributed, or is to be distributed, by the element of chance. * * *". This provision of the ordinance is made more comprehensive than the state statute so as to include additional requirements and prohibitions not found in § 18-301 of the Virginia Code, *supra*, and its validity is not challenged.

The second sentence in the ordinance, the validity of which is challenged, reads: "The possession of any book, ticket, token, certificate or writing indicating any such lottery, raffle, numbers game, scheme or device shall be *prima facie* evidence of a violation of this section." We held in the original opinion that this provision of the ordinance was inconsistent with the state statute (18-301, Va. Code, 1950, *supra*), which contains no such provision.

In this state, one accused of crime is presumed to be innocent until his guilt is established beyond a reasonable doubt. He is not required to establish his innocence; the burden is upon the state to establish his guilt. The accused is not required to take the stand in his own behalf, and "his failure to testify shall create no presumption against him, nor be the subject of any comment before the court or jury by the prosecuting attorney." § 19-238, Va. Code, 1950. The legislature has created few presumptions of fact from which inferences of guilt may be drawn, and where such have been created they invariably emanate from dire necessity.

It is argued that the challenged provision of the ordinance does not change the rules of evidence, which would admittedly be improper; that it only changes substantive law which, under the circumstances, is permissible. We do not deem it necessary to indulge in so fine a distinction. We hold that the city, in this instance, cannot do what the state has refrained from doing, and change the method of proof by indulging in presumptive facts from which inferences of guilt may be drawn, whether denominated rules of evidence or substantive law, and thus impose upon an accused a burden not contemplated by the legislature. To hold otherwise would permit the various subdivisions of the Commonwealth to employ many different measures of guilt, resulting in confusion and injustice amounting to an abusive and oppressive exercise of the police power. We therefore adhere to our former decision that the city ordinance is in this regard inconsistent with the state statute for the reasons expressed. This holding, however, does not vitiate the entire ordinance. Section 1-3, City of Norfolk Code; *National Linen Service Corp.* v. *City of Norfolk, et al.*, this day decided; *King* v. *County of Arlington*, 195 Va. 1084, 1092, ff., 81 S. E. (2d) 587; 17 M. J., Statutes, § 28, p. 270.

We find no fault with the further provision of the ordinance that "for a second or other subsequent offense committed within two years from the date of a prior conviction under this section" the punishment shall be greater than that prescribed for a first offense; the punishment so provided falling within the limits fixed by the city charter. The fact that the city prescribes different penalties for second offenders is not inconsistent with the state law which is silent on the subject. The proof of former convictions allowed by the ordinance is admissible solely to establish the measure of punishment, and for this reason does not constitute an inconsistency with the state statute.

It is suggested that the former opinion overrules our decision in *Shaw* v. *City of Norfolk*, 167 Va. 346, 189 S. E. 335. We had no such intention, and we here reaffirm the

views expressed in the *Shaw* case. We recognize the fact that some state statutes are not comprehensive enough to cover the exigencies of the various subdivisions of the Commonwealth. Cities, when permitted by general law or charter provisions, may include additional requirements in their ordinances so long as they are not in conflict or inconsistent with the state statute. The fact that an ordinance enlarges upon the statutory provisions does not necessarily create a conflict or inconsistency therewith. See *King* v. *County of Arlington, supra,* and authorities there cited.

For the reasons expressed we are of the opinion that the judgment of the lower court should be reversed and the case remanded for further proceedings, in accordance with this opinion, if the city be so advised.

*Reversed and remanded.*

SPRATLEY, J., dissenting.

In its original brief, and in its argument, the City contended that it "has power to pass an ordinance which makes proof of one fact *prima facie* evidence of another fact." It did not rely upon the separability provision in its Code. It asks us to declare its entire ordinance valid.

Furthermore, in its petition for a rehearing it contended "that Code, § 18-301 is not sufficiently comprehensive to combat each step in the numbers game." It claimed that the portion of the ordinance now declared invalid by this Court was a provision necessary to enable it to attain the end intended, that is, the elimination of lotteries.

The contentions and the facts relied upon in support demonstrate beyond doubt that the council intended to change the rule of evidence so as to impose a burden upon an accused not contemplated by the legislature. If the objectionable portion of the ordinance be eliminated, there appears to have been no necessity for the enactment of the ordinance. Undoubtedly, the void portion of the ordinance

was the controlling inducement to its enactment, and it is so interwoven in its texture, that its elimination will prevent the ordinance from becoming operative in accordance with the will of the council. For that reason the rule of separability should not be applied. *Hannabass* v. *Maryland Casualty Co.*, 169 Va. 559, 194 S. E. 808; and *Boyles* v. *City of Roanoke*, 179 Va. 484, 19 S. E. (2d) 662.

Code § 8-264 provides: "Acts and resolutions of the General Assembly, though local or private, may be given in evidence without being specially pleaded; and an appellate court shall take judicial notice of such as appear to have been relied on in the court below."

The Code of the City of Norfolk was not introduced in evidence. There was no contention in the brief or argument that the City relied on a separability provision of the Code to sustain the contested ordinance in part or whole. Yet, contrary to the rule established in Virginia, the majority takes judicial notice of such a provision in the Code of the City. *Norfolk & P. Co.* v. *Forrest*, 109 Va. 658, 661, 64 S. E. 1034, 20 Am. Jur. Evidence §§ 37 and 38, pages 61 et seq., 31 C. J. S. Evidence § 27, page 540.

I would adhere to our former opinion.