# Richmond

JOSEPH V. HANBURY v. COMMONWEALTH OF VIRGINIA.

JOSEPH V. HANBURY v. COMMONWEALTH OF VIRGINIA.

JOSEPH V. HANBURY v. COMMONWEALTH OF VIRGINIA.

November 27, 1961.

Record Nos. 5310, 5311, 5313.

Present, All the Justices.

*William Rosenberger, Jr. (Edward A. Marks, Jr.; Robert G. Mc-Cullough,* on brief), for plaintiff in error, Joseph V. Hanbury.

*D. Gardiner Tyler, Assistant Attorney General (Frederick T. Gray, Attorney General,* on brief), for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

In February, 1961, there were returned in the Corporation Court of Lynchburg twenty-two indictments against the defendant, Joseph V. Hanbury. In one he was charged with having in his possession a rubber stamp with intent to use it in forging and falsely making a certain impression upon packages of cigarettes, stating that the tax thereon due the city of Lynchburg had been paid, when in fact it had not been paid. Two of them charged him with forging on certain packages of cigarettes a stamp purporting to reflect that the tax due the city on each package had been paid when in fact it had not been paid. Nineteen of them charged him with forging and uttering and attempting to employ as true such stamp on packages of cigarettes in nineteen vending machines located at various places in the city.

The defendant entered pleas of not guilty to all the indictments and by agreement they were heard together before a jury. At the conclusion of the Commonwealth's evidence the defendant moved to strike it out on the ground that it was not sufficient to convict. His motion was overruled, he offered no evidence, and the jury returned a verdict of guilty in each case, fixing his punishment at two years in the penitentiary on the possession charge, six months in jail on each of the two indictments charging forgery, and twelve months in jail on each of the nineteen indictments charging forgery and uttering. Defendant's motions to set aside the verdicts were overruled and he was sentenced according to the verdicts. We granted writs of error in all of the cases and it was stipulated that only the records in the three cases numbered above should be printed and the decisions rendered in them would control the decisions of the others.

The defendant assigned error to the refusal of the court to strike the Commonwealth's evidence and to set aside the verdicts on the ground that they were contrary to the law and the evidence. The evidence presented by the Commonwealth was to the following effect:

An ordinance of the city of Lynchburg levied a tax of three cents a package on the sale of each package of twenty cigarettes, to be paid by the seller (retailer) if not previously paid by the dealer (wholesaler). The seller was required to buy the necessary stamps at the office of the city collector and affix them to each package of cigarettes before offering them for sale, if that had not previously been done by the dealer; but the seller or dealer was also allowed to use a stamp meter instead of gummed stamps. The stamps, or the printed markings of a meter machine, were required to be placed on each package of cigarettes so as to be readily visible to the purchaser.

The defendant was engaged in the business of selling cigarettes through vending machines in the city. To avoid the payment of this tax he devised and made a rubber stamp in imitation of the stamp made by a meter machine used by Hill City Tobacco Company, a dealer, which carried the serial number 26322 assigned to that company by the city. The stamp impression made by the meter used by that company is indicated at the left below, and the impression made by the rubber stamp devised and used by the defendant is shown at the right.

| LYNCHBURG, VA. | LYNCHBURG, VA. |
|---|---|
| 26322 | 2 6 3 2 2 |
| 20    Tax Paid    20 | Tax Paid |
| Cigarettes | Cigarettes |

When the defendant was arrested on July 21, 1960, the police officers found in the basement of his home a rubber stamp which made the impression indicated at the right above, together with ink pads and cans of ink. There they found also 6600 packages of cigarettes bearing the impression of this rubber stamp. They also found 1500 packages similarly marked in the defendant's station wagon. In the nineteen vending machines operated by the defendant in various places in the city the police officers found a total of 13,475 packages of cigarettes bearing the impression of this rubber stamp.

Defendant admitted to the police officers that he had bought the parts for making this rubber stamp and had glued them onto the face of the wooden part of the instrument. He had been using this stamp, he said, for four or five months. In addition to the stamp in question, three others were found in the basement which were incomplete.

The defendant said he had previously used these but they had become unglued. He was asked why he had made and used these stamps. He replied, "Competition has been pretty tight with cigarettes."

Subsequent to January 1, 1960, the defendant paid no taxes to the city on the sale of cigarettes, although the Hill City Tobacco Company (dealer) had sold to him approximately $2000 worth of cigarettes each month of the calendar year 1960, upon which in most instances the tax had not been paid by that company, as permitted under the ordinance. In such case, as stated, the seller was required to pay the tax and stamp the package, if sold within the city.

The defendant contends, first, that the city ordinance both created the offense and fixed the punishment, and that the penalty fixed by the ordinance is the only penalty that may be exacted.

The city ordinance, paragraph 10, provides that it shall be unlawful for any person falsely or fraudulently to "make, forge, alter or counterfeit any stamp or the printed markings of any meter machine". Paragraph 15 of the ordinance provides that any person violating any of its provisions shall be punished by a fine of not less than $25 nor more than $500. The ordinance further provides that if any paragraph, sentence or clause of it be invalid, such invalidity shall not affect any other valid provision.

The Commonwealth correctly answers that by the law of the Commonwealth the crime of forgery is a felony, punishable by confinement in the penitentiary; and the city was without power to convert it into a misdemeanor and punish it by a fine.

Section 18.1-96 of the Code of Virginia provides, *inter alia*, that if any person forge any writing (with exceptions not here material) to the prejudice of another's right, he shall be confined in the penitentiary not less than two nor more than ten years, or in jail not less than six months nor more than twelve months. The crime is therefore state-wide a felony, Code § 18.1-6; *Fletcher* v. *Commonwealth*, 163 Va. 1007, 175 S. E. 895, and no person may be tried therefor except on an indictment or presentment found by a grand jury, unless waived in writing, Code § 19.1-162.

Section 1-13 (17) of the Code provides that "Where the council or authorities of any city * * are authorized to make ordinances, * * it shall be understood that the same must not be inconsistent with the Constitution and laws of the United States or of this State."

"An ordinance in conflict with a state law of general character and state-wide application is universally held to be invalid." 37 Am. Jur., Municipal Corporations, § 165, p. 787. *Carlton* v. *Boudar*, 118 Va.

521, 88 S. E. 174; *Lynchburg* v. *Dominion Theatres*, 175 Va. 35, 7 S. E. 2d 157, 126 A.L.R. 1358; *King* v. *Arlington County*, 195 Va. 1084, 81 S. E. 2d 587.

The distinction between the present cases and those in which the legislature has given the municipality authority to deal in the field of misdemeanors is too obvious to require discussion. See *Shaw* v. *City of Norfolk*, 167 Va. 346, 189 S. E. 335; *Allen* v. *City of Norfolk*, 195 Va. 844, 80 S. E. 2d 605, 196 Va. 177, 83 S. E. 2d 397 (on rehearing).

It is not true that the Lynchburg ordinance created the offense for which this defendant has been prosecuted. It only created a condition out of which the offense arose by levying the tax and requiring the application of the stamp to the packages of cigarettes; but when the defendant committed an act with respect to the requirement of the ordinance which the State law denominates a forgery, prosecution therefor is exclusively a State matter and the penalty prescribed by the ordinance is a nullity. It is not a case where a specific statute takes precedence over a general statute relating to the same offense. It is a case where a general State statute controls as against a later city ordinance in conflict with it.

"* * It is an elementary rule of statutory construction that, 'The language of a statute may be so broad, and its object so general, as to reach conditions not coming into existence until a long time after its enactment.' * *." *Smith* v. *Commonwealth*, 190 Va. 10, 17, 55 S. E. 2d 427, 430.

*City of Cleveland* v. *Betts*, 168 Ohio State 386, 154 N. E. 2d 917, is in point. The Constitution of Ohio gave municipalities authority to exercise all powers of local self-government and to adopt such local police regulations as were not in conflict with general laws. The question was whether the city could enforce an ordinance making the carrying of concealed weapons in the city a misdemeanor in the face of a State statute on the subject which made the same offense a felony. It was held that the ordinance obviously conflicted with the statute and was invalid. The court said:

"If by ordinance a municipality can make the felony of carrying concealed weapons a misdemeanor, what is there to prevent it from treating armed robbery, arson, rape, burglary, grand larceny or even murder in the same way, and finally dispose of such offenses in the Municipal Court." 168 Ohio State at 389-90, 154 N. E. 2d at 919.

Defendant contends next that he was not guilty of forgery under § 18.1-96, *supra*. He argues that the marking made by the

rubber stamp was not such a writing as to prejudice another's right; that it had no apparent legal efficacy because of the absence of the figure "20" and a difference between the color of the ink on the false stamp and that used on the genuine stamp. The evidence is that this difference was that the ink used on the false stamp had a more bluish cast, or purple color, than that used on the genuine stamp.

The rights of the city of Lynchburg were prejudiced by the use of the forged stamp because it was thereby deprived of the tax payable to it on the cigarettes sold by the defendant, which bore the false stamp and potentially on the several thousand packages which the defendant had imprinted with the false stamp preparatory to selling them. The city is a "person" whose rights may be prejudiced by a forgery. Code § 1-13 (19).

The court instructed the jury that "forgery is the false making or material alteration, with the intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy. It makes no difference how the writing may be made, whether by handwriting, printing, steel engraving, lithographing, rubber stamp, or what not. It simply is the making of a writing with intent to defraud, and which writing, if it were genuine, might apparently be of legal efficacy."

The defendant made no objection and took no exception to that instruction and it therefore became the law of the case. Moreover, it was an accurate statement of the law as established in this jurisdiction. *Commonwealth* v. *Linton*, 4 Va. (2 Va. Cas.) 476; *Terry* v. *Commonwealth*, 87 Va. 672, 13 S. E. 104; *Gordon* v. *Commonwealth*, 100 Va. 825, 41 S. E. 746. See also 23 Am. Jur., Forgery, § 31, p. 689.

In the *Gordon* case we said: "* * an instrument is one of legal efficacy, within the rules relating to forgery, where by any possibility it may operate to the injury of another." 100 Va. at 829, 41 S. E. at 748.

It is undisputed that the defendant made a false instrument with the intent to defraud the city. It was so made and used that there was not only a possibility that it would operate to the injury of the city, but in reality it did so operate over more than half of the year 1960. The evidence was ample to sustain the verdicts of the jury and the court committed no error in overruling the motion to strike and the motion to set aside the verdicts on the ground that the evidence was inadequate.

The defendant also contends that he was not guilty of uttering, or attempting to employ as true, the forged writing, also denounced as

a felony by § 18.1-96 of the Code, of which offense he was also found guilty. He bases this contention, however, only on the ground that he was not guilty of a forgery in making the stamp and therefore could not be guilty of uttering a forged instrument when he used the stamp. Since his premise has fallen his conclusion cannot stand. It was proved that he forged the stamp and that he used it many times with full knowledge and in furtherance of his fraudulent purpose.

Finally he asserts that he was not guilty of the crime of possession of which he was found guilty under § 18.1-95 of the Code. That section provides:

"If any person engrave, stamp, or cast, or otherwise make or mend, any plate, block, press, or other thing, adapted and designed for the forging and false making of any writing or other thing, the forging or false making whereof is punishable by this chapter [Ch. 3 of Title 18.1, which contains § 18.1-96], or if such person have in possession any such plate, block, press, or other thing, with intent to use, or cause or permit it to be used, in forging or false making any such writing or other thing, he shall be confined in the penitentiary not less than two nor more than ten years."

Defendant's argument is that possession is not an offense under the city ordinance and hence is not a crime; and, further, that the rubber stamp was not a forgery under § 18.1-96 and possession of it was not punishable under § 18.1-95. Since we hold that both propositions are untenable and since the rubber stamp was a forged instrument, which the defendant admitted making and having in his possession with the intent to use it, and which he did use on a large scale for the purpose of defrauding the city, he was clearly guilty of possession under § 18.1-95 as found by the jury. "What the statute condemns is either the making or mending or the possession of the instrumentality for an evil or unlawful purpose." *Smith* v. *Commonwealth, supra,* 190 Va. at 15, 55 S. E. 2d at 429.

The judgments appealed from are accordingly

*Affirmed.*