CIRCUIT COURT OF THE CITY OF ROANOKE

City of Roanoke

v.

Paul Matthews Holt, III

March 22, 1993

Case No. CR92–1655

BY JUDGE CLIFFORD R. WECKSTEIN

Paul Matthews Holt, III, the defendant, has been indicted for violation of a Roanoke city ordinance. He challenges the validity of that ordinance. Here, in summary, is his major argument:

1. He is charged with violating a local ordinance which forbids negotiating for a commercial act of sodomy.

2. A state statute also forbids negotiating for a commercial act of sodomy.

3. Under Virginia Code § 1–13.17, localities may not enact ordinances which are inconsistent with state statutes.

4. The local ordinance explicitly places a lesser burden of proof on the prosecution than does the state statute. The statute requires proof of "a substantial act in furtherance" of the negotiation; the ordinance provides that "no additional act" must be proven.

5. Therefore, the local ordinance is inconsistent with the state statute and, as it would be applied in the defendant's case, invalid.

Because of the view I take of the argument just summarized, I do not reach the defendant's alternative argument, which is that the ordinance violates "Dillon's Rule." *See City of Richmond v. Confrere Club of Richmond*, 239 Va. 77, 79, 387 S.E.2d 471 (1990); John G. Dillon, *Commentaries on the Law of Municipal Corporations*, 5th ed. (Boston: Little, Brown and Co., 1911), Vol. I, Sec. 237, *quoted in* Duane Lockard, *The Politics of State and Local Government*, 2d ed. (New York: The Macmillan Co., 1969), p. 129.

Roanoke City Code § 21–18.1 (Ordinance No. 30363–10791, adopted by City Council on January 7, 1991), which the defendant is charged with violating, reads:

(a) Any person shall be guilty of a Class 1 misdemeanor who:

(1) In any place open to the public, for money or other valuable consideration, solicits, invites, urges, entreats or otherwise attempts to persuade another person, not his or her spouse, to commit fornication as defined by § 18.2–344, Code of Virginia (1950), as amended ("State Code"), sodomy as defined by § 18.2–361 of the State Code or adultery as defined by § 18.2–365 of the State Code; or

(2) In any place open to the public, *bargains with or negotiates with another person*, not his or her spouse, *as to the price or other valuable consideration required for commission by such person of* fornication as defined by § 18.2–344 of the State Code, *sodomy as defined by § 18.2–361 of the State Code*, or adultery as defined by § 18.2–365 of the State Code . . . .

(b) *Other than those acts enumerated in subsection (a) above, no additional act shall be required to constitute the crime defined by subsection (a).*

(c) In the prosecution of any offense under this section, a court shall consider any evidence defining slang expressions, codes, or other words used to describe fornication, sodomy, or adultery, the price therefor, or the method of payment relating thereto.

(I have added emphasis in this and a following quotation, to focus on the pending charge and highlight parallel provisions of the state and local enactments.)

The indictment against Mr. Holt charges that he "did unlawfully in a place open to the public, bargain with or negotiate with another person, not his or her spouse, as to the price or other valuable consideration required for commission by such person of sodomy as defined by § 18.2–361 of the State Code."

Virginia Code § 18.2–346 reads:

Any person who, for money or its equivalent, commits adultery, fornication, or any act in violation of § 18.2–361, or *offers to commit* adultery, fornication, or *any act in violation*

*of § 18.2–361 and thereafter does any substantial act in fur-*
*therance thereof,* shall be guilty of being a prostitute, or pros-
titution, which shall be punishable as a Class 1 misdemeanor.

(Emphasis added.)

Virginia Code § 1–23.17 provides that, "Whenever the council or
authorities of any city or town, or any corporation, board, or number of
persons, are authorized to make ordinances, bylaws, rules, regulations
or orders, it shall be understood that the same must not be inconsistent
with the Constitution and laws of the United States or of this Com-
monwealth."

As the Virginia Supreme Court has explained:

> Code § 1–23.17 precludes a local governing body from enact-
> ing ordinances "inconsistent with" state law. An ordinance,
> however, may prohibit an act upon which state law is silent
> . . . or proscribe conduct already proscribed by state law
> where the ordinance is not inconsistent with state law . . . . If
> both the statute and ordinance can stand together, courts are
> obliged to harmonize them, rather than nullifying the ordi-
> nance . . . . Nevertheless, an ordinance may not conflict with
> state law . . . .

*Board of Supervisors of Loudoun County v. Pumphrey,* 221 Va. 205,
206–07, 269 S.E.2d 361 (1980) (citations omitted). *See also Granny's
Cottage, Inc. v. Town of Occoquan,* 3 Va. App. 577, 352 S.E.2d 10
(1987). "An ordinance in conflict with a state law of general character
and state-wide application is universally held to be invalid." *Hanbury
v. Commonwealth,* 203 Va. 182, 185, 122 S.E.2d 911 (1961) (quoting
37 Am. Jur., *Municipal Corporations,* § 165, p. 787) (other citations
omitted).

Code § 18.2–346 is a state law of general character and state-wide
application. As pertinent here, it provides that a person is guilty of a
Class 1 misdemeanor if that person (a) for money or its equivalent, (b)
offers to commit an act of sodomy (i.e., an act in violation of
§ 18.2–361), and (c) thereafter does any substantial act in furtherance
thereof. The Court of Appeals of Virginia, more than four years before
the Roanoke City Council adopted the City ordinance in question, held
that offers to commit commercial acts of sodomy are within the pro-
scription of this statute. They are to be prosecuted under this statute,
rather than under some other state law. "Adding crimes against nature

to the prostitution statute removed such acts or offers to commit such acts for money or its equivalent from the general statutory scheme under which attempts to commit crimes may be generally prosecuted." *McFadden v. Commonwealth*, 3 Va. App. 226, 229–30, 348 S.E.2d 847 (1986).

As pertinent here, Roanoke City Code § 21–18.1 provides that a person is guilty of a Class 1 misdemeanor if that person (a) bargains or negotiates with another, (b) for the commission of sodomy, (c) for a price or other valuable consideration, (d) in a place open to the public.

The language of both the City ordinance and the state statute is clear and unambiguous. No interpretation is required. Each enactment proscribes negotiating for a commercial act of sodomy.

Clearly, there is no functional difference between "bargains with or negotiates with another person," in the City Code and "for money or its equivalent offers to commit," in the state Code. Equally clearly, there is no distinction between "money or its equivalent" in the state law and "price or other valuable consideration" in the local ordinance. Each provision, the ordinance and the statute, makes reference to sodomy as defined in Code § 18.2–361.

The crucial distinction between the state statute and the City ordinance is that, while the statute requires "a *substantial* act in furtherance of the offer," *Adams v. Commonwealth*, 215 Va. 257, 258, 208 S.E.2d 742 (1974) (emphasis in original), the ordinance (by its own explicit terms) requires *no* act in furtherance of the offer.

(There is another material distinction between the state and local enactments. The ordinance applies only to conduct in a place open to the public; the statute has no such limitation. This, for present purposes, is irrelevant. "The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith . . . ." *King v. County of Arlington*, 195 Va. 1084, 1090, 81 S.E.2d 587 (1954); *see Allen v. City of Norfolk*, 196 Va. 177, 83 S.E.2d 397 (1954).)

This "is a case where a general State statute controls as against a later city ordinance in conflict with it." *Hanbury, supra*, 203 Va. at 186. "It is sufficient to say that section [18.2–346] is a comprehensive general law that describes the forbidden offense and prescribes the punishment deemed proper in case of conviction." *Allen v. City of Norfolk*, 195 Va. 844, 848, 80 S.E.2d 605 (1954); *See Allen v. City of*

*Norfolk, supra,* 196 Va. 177, 180, 83 S.E.2d 397 (1954) (same case; judgment modified after rehearing).

What the City of Roanoke has done, as applicable to the case at bar, is to lighten the prosecution's burden in cases of offers or negotiations to commit sodomy for a price, by relieving the prosecutor of the burden — imposed by general state law — of proving a substantial overt act. This, the City may not do. *See Allen, id.* "[T]he city, in this instance, cannot do what the state has refrained from doing and change the method of proof . . . ." *Id.* at 180. "[W]here both an ordinance and a statute are prohibitory . . . and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot co-exist and be effective. Unless legislative provisions are contradictory in the sense that they cannot co-exist, they are not deemed inconsistent because of mere lack of uniformity in detail." *King v. County of Arlington, supra,* 195 Va. at 1090-91.

In the case at bar, the provisions of the statute and of the ordinance cannot co-exist: The municipality attempts to authorize what the legislature has forbidden, i.e., conviction for negotiating for commercial sodomy without any substantial act in furtherance thereof. And, the municipality attempts to forbid what the legislature has (in a sense) expressly countenanced, i.e., such commercial negotiations which are not followed by substantial acts in furtherance thereof. *Cf. McFadden, supra,* Va. App. at 230. Though an ordinance may require *more* than a statute does, *cf. King v. Arlington, supra,* it cannot require *less,* as this ordinance does.

For the reasons set forth above, I am of the opinion that where a state statute and a local ordinance make the same "verbal acts" criminal, and where the state statute requires proof of an additional element of the offense, *i.e.,* a substantial act in furtherance of the verbal arrangement, then the local ordinance is inconsistent with general state law, and the prosecution cannot proceed.

Counsel have argued whether the ordinance is severable or not and have implied a willingness to brief or argue the validity of provisions of the ordinance not before me in this case. I need not address these questions today. As to the specific charge against Mr. Holt, the provisions of state and local law cannot be harmonized. No severance will

render valid the provisions of the ordinance which furnish the basis for the indictment returned against Mr. Holt. Courts ought not decide what they need not decide. In the case at bar, I need only to find, as I do, that the indictment against Mr. Holt is fatally flawed because the portion of the ordinance which forms the basis for the indictment is, under Code § 1–23.17, invalid.

Therefore, this court will dismiss the indictment. The defendant is not in jeopardy, and this dismissal is therefore, of course, without prejudice to the Commonwealth's right to charge the defendant under a valid law, if the Commonwealth be so advised.