COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Baker
Argued at Norfolk, Virginia


CHRISTOPHER T. TEMPLE
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2614-97-1      JUDGE NELSON T. OVERTON
                                           NOVEMBER 24, 1998
CITY OF VIRGINIA BEACH


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Alan E. Rosenblatt, Judge

                J. Gray Lawrence, Jr. (Faggert &
                Freidan, P.C., on brief), for appellant.

                L. Steven Emmert, Senior Attorney (Office of
                the City Attorney, on brief), for appellee.



        Christopher T. Temple (defendant) appeals his conviction for

driving under the influence of alcohol, in violation of § 21-336,

Code of the City of Virginia Beach.  He contends the trial court

erroneously deprived him of his Commercial Driver's License (CDL)

as a result of the conviction.  Because we find defendant was not

so deprived, we affirm.

        On October 24, 1997, defendant was convicted of driving his

pickup truck while under the influence of alcohol.  Pursuant to

such conviction, the trial court suspended defendant's

conventional operator's license but specifically ordered that

"pursuant to 18.2-271 this shall not affect the defendant's CDL

license."  Defendant was also given a suspended jail sentence and

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

fined.  Defendant argues that, in spite of the trial court's order, his CDL was suspended.  Because a locality may not suspend a CDL, defendant reasons that the Code of the City of Virginia Beach is invalid and his conviction must be reversed.

Code § 1-13.17 prohibits a locality from enacting ordinances "inconsistent with the Constitution and laws of the United States or of this State."  However, "if both the statute and the ordinance can stand together, courts are obligated to harmonize them, rather than nullifying the ordinance."  Granny's Cottage, Inc. v. Town of Occoquan, 3 Va. App. 577, 582, 352 S.E.2d 10, 13 (1987) (citing King v. County of Arlington, 195 Va. 1084, 1091, 81 S.E.2d 587, 591 (1954)).  It is our burden, therefore, to examine the laws at issue with an eye towards keeping all and harming none.

Section 21-336 of the Code of the City of Virginia Beach states:

> No person shall drive or operate in the city any automobile or other motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered in accordance with the provisions of section 21-338 . . . .

Those convicted under the ordinance, including defendant, lose "the privilege to drive or operate any motor vehicle, engine or train in the [C]ommonwealth."  Section 21-341, Code of the City of Virginia Beach.  But the ordinance contains an exception: "Except as provided in Code of Virginia section 18.2-271.1."

- 2 -

Code § 18.2-271.1 lists different punishments for those convicted under either state or local drunk driving laws, and it limits the power of courts to deprive defendants of licenses. It states:

> Upon conviction of a violation of § 18.2-266 [drunk driving statute] or any ordinance of a county, city or town similar to the provisions thereof, or subsection A of § 46.2-341.24, the court shall impose the sentence authorized by § 18.2-270 or § 46.2-341.28 and the license revocation as authorized by §§ 18.2-270 and 18.2-271.

(Emphasis added). Code § 18.2-271 provides that those convicted of state and local drunk driving laws may have their licenses revoked but "[t]he provisions of this section shall not apply to, and shall have no effect upon, any disqualification from operating a commercial motor vehicle imposed under the provisions of the Commercial Driver's License Act (§ 46.2-341.1 et seq.)."

Defendant argues that his CDL was automatically revoked when he was convicted under § 21-336 of the Code of the City of Virginia Beach. However, the City of Virginia Beach, in a convoluted but effective manner, avoided this result by including in their ordinance an exception tied to the state code's prohibition against interfering with CDLs. This is in conformance with the Commercial Driver's License Act itself, which prohibits localities from adopting "ordinances that are substantially similar to the provisions" of the Act. Code § 46.2-341.3.

We hold that § 21-341 of the Code of the City of Virginia

- 3 -

Beach is not in conflict with Code §§ 18.2-271, 46.2-341.3 or any other section discussed herein.  Therefore, defendant's conviction is affirmed.

<u>Affirmed.</u>
